26962. PERRY v. HOLLAND.

SUBMITTED JANUARY 10, 1972—DECIDED FEBRUARY 11, 1972.

James Donald Perry, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal by James Donald Perry is from the denial of his petition filed in the Superior Court of Butts County seeking the writ of habeas corpus, claiming that he was illegally detained by virtue of a sentence of the Superior Court of Walker County for burglary.

The petition recites, insofar as necessary to state here, the following claims as to illegal detention: (1) that a prospective juror on the day before the trial communicated personally with a named person with reference to a co-defendant; (2) that the trial judge permitted this juror to confer with the district attorney after he had been accepted on the case; (3) that evidence was given in court as to a second burglary not relevant to the charge upon which petitioner was being tried; (4) that the jury was permitted to go to lunch unsupervised; and (5) that an attempt was made by the State's "star" witness to influence the jury by shaking hands with them.

The defendant warden denied the essential allegations of the petition.

Upon the hearing the petitioner was the only witness and certain documentary evidence was introduced.

Thereupon the court entered a judgment which provided in essential part that it found that the petitioner was capably represented by counsel; that the irregularities complained of should have been reviewed on appeal and did not authorize the habeas corpus court to discharge the petitioner; that the object of habeas corpus is to determine the legality of the restraint under which a person is held; and that the petitioner failed to carry the burden of proof showing that his conviction and subsequent sentence are invalid. The order denied the relief sought and remanded the petitioner to the custody of the respondent warden.

The appeal is from that judgment.

1. Two of the enumerations of error complain in substance that the habeas corpus court denied petitioner due process of law in that it distorted the facts in favor of the respondent. This is entirely without foundation. The court correctly applied well known principles of law to undisputed facts as this record shows. The irregularities complained of are not grounds for release pursuant to habeas corpus.

2. There is no merit in the enumeration contending that the habeas corpus court erred in failing to require testimony from the juror referred to above, "as the federal court stated must be done." This contention is not borne out by the record. The federal court ruled (1) that there was a serious question concerning the petitioner's conviction in regard to whether the juror was prejudiced by the aforesaid communication and that the verdict may be invalid since the State did not prove that the attempt to influence the juror was harmless; and (2) that the petitioner had not exhausted his State remedies. However, the burden is on the petitioner in the habeas corpus proceeding to show that his sentence is invalid.

3. Likewise lacking in merit is the enumeration claiming that the habeas corpus court erred in allowing in evidence an extract from the transcript of the federal court hearing, since the entire transcript was available. This is no valid basis to exclude the excerpt. The record shows that it was germane to one of the petitioner's contentions.

4. Finally, there is no validity in the enumeration asserting that the habeas corpus court erred in finding that petitioner was represented by competent counsel. The evidence amply substantiates this finding.

*Judgment affirmed. All the Justices concur.*